UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. **07-21408**

MAGISTRATE JUDGE **CIV-UNGARO**

ODALYS PEREZ, and others similarly-
situated,

      Plaintiffs,

vs.

**MAGISTRATE JUDGE
O'SULLIVAN**

PALERMO SEAFOOD, INC., a Florida
corporation, d/b/a Fico Key West
Seafood, and JUAN ZIEGGENHIRT,
individually,

      Defendants.

_____/

FILED by _____ D.C.

MAY 3 1 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## FLSA COMPLAINT

COMES NOW, Plaintiff, ODALYS PEREZ, by and through her undersigned attorney, and hereby sues Defendants, PALERMO SEAFOOD, INC., a Florida corporation, d/b/a Fico Key West Seafood, and JUAN ZIEGGENHIRT, individually (collectively referred to as "the Employer," except when referred to individually), and alleges:

### JURISDICTIONAL ALLEGATIONS

1.      This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA"), and F.S.A. 448.10, Fla. Const. Art. 10 § 24, under 28 U.S.C. § 1343.

2.      Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.      Defendant PALERMO SEAFOOD, INC., is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.  The individual Defendant, JUAN ZIEGGENHIRT, is a resident of Miami-Dade County.

4.      This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207.

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6.      By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as

defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.

7.      The individual Defendant, JUAN ZIEGGENHIRT, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs.

COUNT I
RECOVERY OF MINIMUM WAGE VIOLATIONS
AGAINST THE EMPLOYER

8.      Plaintiff realleges and readopts paragraphs 1 through 7 as fully set forth herein.

9.      Plaintiff was employed as a waitress at Defendants' seafood restaurant. She was employed from approximately mid-March 2006 until March 2007, approximately 52 weeks. Plaintiff was paid $3.38 per hour and received tips from the restaurant's customers. Defendants attempted to utilize the tip credit allowed by the FLSA, however, as it will be outlined, the tip credit is unavailing.

10.     The tips received by Plaintiff are not the property of the Employer. The FLSA, 29 U.S.C. § 203(m), allows the Employer to pay less than the required minimum wage of $5.15 per hour, by taking a *"tip credit,"* in order to satisfy its minimum wage obligation. However, in order to utilize the *"tip credit,"* the Employer must comply with the conditions imposed by the FLSA. One condition is that the employee be paid at least $2.13, and, according to Florida law, $3.38 in 2006, and $3.65 in 2007. Plaintiff worked well in excess of forty hours per week, however, the Employer only paid her for forty hours. For example, when she worked 72 hours in 2006, she had to be paid $243.36 ($3.38 × 72). However, she was only paid $135.20 (40 × $3.38), or $1.87 per

3

hour, less than the required $3.38 per hour. Because the Employer failed to meet one of the conditions imposed by the FLSA (payment of $3.38 for every hour worked), the tip credit is unavailing. Plaintiff must be therefore be paid $4.53 ($6.40 - $1.87) for every hour worked.

11.     The *"tip credit"* is unavailing for other reasons. The FLSA requires that the Employer *"inform"* Plaintiff of its intention to claim a *"tip credit."* The Employer never met this condition. Lastly, the Employer treated Plaintiff's tips as part of its gross receipts.

<u>Plaintiff's Minimum Wage Damages[1]</u>

12.     Plaintiff's minimum wage damages in **2006** are calculated as follows:  **72 hours ×** **$4.53 ($6.40 - $1.87 = $4.53) = $326.16 per week × 41 weeks = $13,372.56 × 2 (liquidated) =** **$26,745.12.**  Her minimum wage damages in **2007** are calculated as follows:  **64 hours × $4.56** **($6.67 - $2.11 = $4.56) = $291.84 per week × 11 weeks = $3,210.24 × 2 (liquidated) = $6,420.48.**[2]

13.     The similarly-situated current and former employees are all of the restaurant employees, such as waiters, busboys, food runners, and employees who earned tips, and who performed the same or similar duties as that of Plaintiff and were not paid the minimum wage of $5.15 an hour, contrary to the provisions of Section 6(a) of the FLSA (29 U.S.C. § 206(a)).

14.     Defendant willfully and intentionally failed to pay Plaintiff, and other similarly-situated employees, the statutory minimum wage as required by the laws of the United States as set forth above and remains owing them back wages.

---

[1]To perfect her claim pursuant to Florida law, Plaintiff duly served Defendant with the notice required pursuant to F.S. 448.110.

[2]There was a time period when Plaintiff worked approximately 64 hours. Plaintiff reserves her right to amend these calculations once all payroll records are received.

15.     As a result of the under-payments of wages alleged above, Defendant is indebted to Plaintiff and others similarly-situated in the amount of the unpaid minimum wage compensation. Plaintiff proposes to obtain the necessary records and information to determine the amount of the under-payment to Plaintiff and others similarly-situated by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, Plaintiff and those similarly-situated request double damages and reasonable attorney's fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's and those similarly-situated employees' entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover double damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

COUNT II
UNPAID OVERTIME

16.     Plaintiff realleges and readopts paragraphs 1 through 15 as fully set forth herein.

17.     The FLSA requires that certain non-exempt employees be paid overtime for the hours worked in excess of forty (40) per week. Plaintiff, who is not exempt, worked an average of 72 and 64 hours during different time periods, *as a matter of just and reasonable inference*. The Employer failed to pay Plaintiff overtime wages for the hours she worked in excess of forty per week, an FLSA violation. The Employer must pay Plaintiff wages of time-and-a-half his regular rate, for the hours worked in excess of forty per week.

5

<u>Plaintiff's Overtime Damages</u>

18.    Plaintiff's overtime damages for **2006** are calculated as follows:  **32 hours × $9.60 (time-and-a-half of $6.40) = $307.20 per week × 41 weeks = $12,595.20 × 2 (liquidated) = $25,190.40**.  Plaintiff's overtime damages for **2007** are calculated as follows:  **24 hours × $10.005 (time-and-a-half of $6.67) = $240.12 per week × 11 weeks = $2,641.32 × 2 (liquidated) = $5,282.64**.

19.    At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 <u>et seq</u>. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay them at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.  The additional persons who may become plaintiffs in this action are all the other tipped employees who worked at the restaurant.

20.    Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

21.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages and reasonable attorney's fees from Defendant, pursuant to the Fair Labor Standards Act

6

as cited above, to be proven at the time of trial for overtime owing from Plaintiff and those similarly-situated employees' entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

By: _____
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

JS 44
(Rev. 12/96)

**CIVIL COVER SHEET** 07-21408

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Odalys Perez

FILED by _____

MAY 31 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**DEFENDANTS**

Palermo Seafood, Inc., et al.

CIV-UNGARO

MAGISTRATE JUDGE
O'SULLIVAN-Dade

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade  07-21408-CIV-UU/O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eddy O. Marban, Esq.
The Law Offices of Eddy O. Marban
Ocean Bank Building, Suite 350
782 N.W. Le Jeune Road
Miami, Florida 33126
Tel. (305) 448-9292

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION**   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | B☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | | A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. ss 201-219 et seq.

LENGTH OF TRIAL via  2  days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23

DEMAND $ 65,000.00   CHECK YES only if demanded in complaint:   JURY DEMAND:   ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   May 29, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  960595   AMOUNT  $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05/31/07