UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21408-CIV-O'SULLIVAN
[CONSENT]

ODALYS PEREZ, and others similarly-
situated,

     Plaintiffs,

vs.

PALERMO SEAFOOD, INC., a Florida
corporation, d/b/a Fico Key West
Seafood, and JUAN ZIEGENHIRT,
individually,

     Defendants.    /

## FINAL JUDGMENT

  This action came on for trial on February 11, 2008, before the Court, the Honorable John James O'Sullivan, Magistrate Judge, presiding, and the issues having been duly tried and the decision having been duly rendered, it is hereby

  ORDERED and ADJUDGED as follows:

  This action was brought by Plaintiff, ODALYS PEREZ, against her former employer, PALERMO SEAFOOD, INC., a Florida corporation, d/b/a Fico Key West Seafood, and JUAN ZIEGENHIRT, individually. Plaintiff was employed as a server/counter attendant by Defendant PALERMO SEAFOOD, a restaurant/fish market, from June 25, 2006 through February 12, 2007. The Plaintiff was employed with PALERMO SEAFOOD for 36 weeks.  The Plaintiff alleged

*Odalys Perez v. Palermo Seafood, Inc. Et Al.*
CASE NO. 07-21408-CIV-O'SULLIVAN

that PALERMO SEAFOOD failed to pay her overtime wages as required by the Fair Labor Standards Act ("FLSA"), specifically, 29 U.S.C. § 207. Plaintiff also sought unpaid minimum wages, as required by Florida law, F.S.A. § 448.10. The parties have stipulated as to the Court's jurisdiction.

### The Overtime Claim

In order to prevail on her overtime claim, Plaintiff needs to establish 1) that work was performed which was not compensated in accordance with the FLSA, 2) the amount and extent of that work, and that 3) the Defendant had knowledge of Plaintiff's overtime work. *See Gaylord v. Miami-Dade County*, 78 F. Supp.2d 1320 (S.D.Fla. 1999); *see also United States Department of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 779 (6 Cir. 1995) (*quoting Anderson v. Mt. Clemens PotteryCo.*, 66 S.Ct. 1187, 1192-93 (1946), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293, 1293 (D.C. Cir. 1972)); *Caro Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513-4 (11 Cir. 1993).

The Court finds that the time records produced by the corporate Defendant are both adequate and accurate. The Court further finds the testimony of Defendant JUAN ZIEGENHIRT, to be credible and trustworthy. Based upon ZIEGENHIRT'S testimony, the Court concludes that while employed with Defendant PALERMO, Plaintiff typically worked 40 hours or less per week. Defendant testified that as a custom, he explained to all employees that the business could not afford overtime compensation, and therefore, it was not permitted for employees to perform overtime work. Defendant conceded that Plaintiff asked permission to perform overtime work on eight occasions, at a maximum, and that he paid Plaintiff cash on

*Odalys Perez v. Palermo Seafood, Inc. Et Al.*
CASE NO. 07-21408-CIV-O'SULLIVAN

those occasions. The Defendant did not have knowledge of any additional overtime work by Plaintiff. Throughout her employment, the Plaintiff punched time cards, and submitted time sheets indicating that she worked 40 hours or less per week, and Defendant consistently paid Plaintiff for the time indicated on the time sheets. The Plaintiff cannot profit from her own wrong in furnishing false data to her employer. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir.1972). An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur. *See Brumbelow* (upholding judgment for employer that employee was estopped from claiming more hours than those submitted in time sheets); *Newton v. City of Henderson*, 47 F.3d 746, 748-49 (5th Cir.1995) (reversing FLSA award based on constructive knowledge where employer paid employee based on time sheets); *Davis v. Food Lion,* 792 F.2d 1274, 1277-78 (4th Cir.1986) (affirming judgment for employer where employee falsified time records to under-report time); *Forrester v. Roth's I.G.A. Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir.1981) ("[W]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207").

**<u>The Minimum Wage Claim</u>**

The corporate Defendant claimed entitlement to a "tip credit," which is allowed by the FLSA provided certain conditions are met. The FLSA allows employers to pay a reduced cash wage to a "tipped employee." 29 U.S.C. § 203(m). "'Tipped employee' means any employee

*Odalys Perez v. Palermo Seafood, Inc. Et Al.*
CASE NO. 07-21408-CIV-O'SULLIVAN

engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).  There was no dispute that Plaintiff earned more than $30.00 a month in tips.

The Florida minimum wage law also allows a "tip credit."  Defendant bears the burden of establishing that it is entitled to claim the "tip credit." *Barcelona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979). Moreover, to take advantage of the "tip credit," Defendant must strictly comply with the statutory "tip credit" requirements set forth in 29 U.S.C. §203(m). *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1322 (1 Cir. 1992). The Florida law on "tip credit" is the same as that of the FLSA. Fla. Const. Art. 10 § 24; F.S. §448.110.  Defendant adequately proved that Defendant complied with the statutory "tip credit" requirements set forth in 29 U.S.C. §203(m).

The "tip credit" allowed by Florida is the same as that allowed by the FLSA, $3.02. Fla. Const. Art. 10 § 24(c). Accordingly, in 2006, the Florida reduced cash wage allowed for tipped employees was $3.38, and $3.65 in 2007.  Defendant complied with the Florida reduced cash wage law in 2006 and in 2007.

### **Liquidated Damages**

In addition to any judgment awarded to the employee, the Court has discretion to liquidate damages when the employer is unable to adequately demonstrate that it acted in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA. 29 U.S.C. § 216(b); 22 U.S.C. § 260. Defendants have demonstrated that the violations were committed in good faith. Accordingly, the Court will not liquidate or double the damages.

*Odalys Perez v. Palermo Seafood, Inc. Et Al.*
*CASE NO. 07-21408-CIV-O'SULLIVAN*

It is further ORDERED and ADJUDGED:

Plaintiff, ODALYS PEREZ, 5180 N.W. 7 Street, #809, Miami, Florida 33126, shall recover from Defendants, PALERMO SEAFOOD, INC., d/b/a Fico Key West Seafood, the sum of $_____, for which let execution issue. This Judgment shall accrue interest at the legal rate. The Court reserves jurisdiction for all post trial motions, including Plaintiff's motion for attorney's fees and costs.

DATED in Miami, Florida, this _____ day of _____, 2008.

_____
HONORABLE JOHN J. O'SULLIVAN
U.S. Magistrate Judge

Carbon Copies To:
EDILBERTO MARBAN, ESQUIRE
    Counsel for Plaintiff
JOSE M. HERRERA, ESQUIRE
    Counsel for Defendants
ODALYS PEREZ
JUAN ZIEGENHIRT
    President, Palermo Seafood, Inc.